**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**MARSHALL DIVISION**

| | | |
|---|---|---|
| **LEON STAMBLER,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | **Civil Action No. 2:12-cv-610** |
| **v.** | § | |
| | § | |
| **THE CLEARING HOUSE ASSOCIATION L.L.C. and THE CLEARING HOUSE PAYMENTS COMPANY L.L.C.,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| | § | |
| ***Defendants.*** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff LEON STAMBLER files this Original Complaint against the above-named Defendants, alleging as follows:

## I. THE PARTIES

1. Plaintiff LEON STAMBLER ("Stambler") is an individual residing in Parkland, Florida.

2. Defendant THE CLEARING HOUSE ASSOCIATION L.L.C. is a Delaware limited liability company with its principal place of business in New York, New York. This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

3. Defendant THE CLEARING HOUSE PAYMENTS COMPANY L.L.C. (a subsidiary of The Clearing House Association L.L.C.) is a Delaware limited liability company with its principal place of business in New York, New York. This Defendant may be served

with process through its registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

## II. JURISDICTION AND VENUE

4. This is an action for patent infringement arising under 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction of this action under Title 28 U.S.C. §1331 and §1338(a).

5. The Court has general and specific personal jurisdiction over each Defendant, and venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b). On information and belief, each Defendant has substantial contacts with the forum as a result of pervasive business activities conducted within the State of Texas and within this District; each Defendant conducts business in Texas and in this District, and derives substantial revenue from products, systems, and/or services provided to banking entities residing in Texas and in this District; each Defendant provides secure online funds transfer services directly to its customers (*e.g.*, banking entities) in this District through its proprietary funds transfer system(s) (*e.g.*, Clearing House Interbank Payments System "CHIPS"); and each Defendant conducts business relating to secure funds transfers with and for customers residing in this District through the provision and use of CHIPS, as well as other proprietary funds transfer systems. Through the provisions of such products, services, and/or systems, each Defendant has committed and continues to commit acts of patent infringement in the State of Texas and in this District.

## III. INFRINGEMENT OF U.S. PATENT NO. 5,793,302

6. On August 11, 1998, United States Patent No. 5,793,302 ("the '302 patent") was duly and legally issued for a "Method for Securing Information Relevant to a Transaction." A true and correct copy of the '302 patent is attached hereto as Exhibit A.

7. Stambler is the inventor and owner of all rights, title, and interest in and to the ‘302 patent, and Stambler possesses all rights of recovery under it.

8. Defendants The CLEARING HOUSE ASSOCIATION L.L.C. and THE CLEARING HOUSE PAYMENTS COMPANY L.L.C. (together, “Clearing House”) have infringed and continue to infringe, directly, and/or through the inducement of others, claimed methods of the ‘302 patent.

9. Clearing House has been and now is directly infringing claims of the ‘302 patent, including (for example) at least claims 41 and 47 of the ‘302 patent, by performing secure online transactions initiated using Clearing House’s secure online funds transfer products and/or services (*e.g.*, CHIPS) and, upon information and belief, claim 8 of the ‘302 patent by engaging in encrypted communications between computers or other devices owned by Clearing House.

10. Clearing House has been and now is inducing its customers’ direct infringement of claims of the ‘302 patent, including (for example) at least claim 8 of the ‘302 patent, by requiring customers to use SSL and/or TLS to secure information communicated using Clearing House’s secure online funds transfer products and/or services (*e.g.*, CHIPS).

11. Clearing House has knowledge that its customers’ use of SSL and/or TLS to secure information communicated using Clearing House’s secure online funds transfer products and services infringes claims of the ‘302 patent (*e.g.*, claim 8) based, at least, on this complaint.

12. Clearing House intends that its customers infringe claims of the ‘302 patent (*e.g.*, claim 8) by requiring that its customers use SSL and/or TLS when using Clearing House’s secure online funds transfer products and/or services (*e.g.*, CHIPS), which requires the customer’s device (*e.g.*, computer) to perform the steps of claimed methods.

13. Stambler has been damaged as a result of Clearing House's infringing conduct. Clearing House is, thus, liable to Stambler in an amount that adequately compensates him for its infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## IV. JURY DEMAND

Stambler hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V. PRAYER FOR RELIEF

Stambler requests that the Court find in his favor and against Defendants, and that the Court grant Stambler the following relief:

a. Judgment that one or more claims of United States Patent No. 5,793,302 has been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others whose infringement has been induced by Defendants;

b. Judgment that Defendants account for and pay to Stambler all damages to and costs incurred by Stambler because of Defendants' infringing activities and other conduct complained of herein;

c. That Stambler be granted pre-judgment and post judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

d. That the Court declare this an exceptional case and award Stambler his reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

e. That Stambler be granted such other and further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

Brent N. Bumgardner, Lead Attorney
Texas State Bar No. 00795272
bbumgardner@nbclaw.net

Edward R. Nelson, III
Texas State Bar No. 00797142
enelson@nbclaw.net
Christie B. Lindsey
Texas State Bar No. 24041918
clindsey@nbclaw.net
Ryan P. Griffin
Texas State Bar No. 24053687
rgriffin@nbclaw.net
Decker A. Cammack
Texas State Bar No. 24036311
dcammack@nbclaw.net
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Telephone: (817) 377-9111
Facsimile: (817) 377-3485

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

T. John Ward, Jr.
Texas State Bar No. 00794818
jw@jwfirm.com
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Road, Ste. 220
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Ronald A. Dubner
Texas State Bar No. 06149000
Attorney and Mediator
9555 Lebanon Road, Suite 602
Frisco, Texas 75035
Telephone: (214) 432-8283
Facsimile: (888) 501-3052
rondub@gte.net

**ATTORNEYS FOR PLAINTIFF**
**LEON STAMBLER**