**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| LEON STAMBLER,<br><br>Plaintiff,<br><br>v.<br><br>THE CLEARING HOUSE ASSOCIATION LLC,<br><br>and<br><br>THE CLEARING HOUSE PAYMENTS COMPANY LLC,<br><br>Defendants. | Civil Action No. 2:12-CV-610<br>Honorable Rodney Gilstrap |

**ANSWER OF THE CLEARING HOUSE PAYMENTS COMPANY LLC**
**TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant, The Clearing House Payments Company LLC ("The Clearing House"), answers Plaintiff's Original Complaint for Patent Infringement ("Complaint") as follows:

As to the introductory paragraph of the Complaint, The Clearing House admits that plaintiff, Leon Stambler ("Stambler"), has filed a Complaint against The Clearing House. Except as so admitted, The Clearing House denies any remaining allegations of the introductory paragraph of the Complaint, and denies each and every other allegation, averment and characterization in that Complaint, unless expressly admitted below. Stambler is not entitled to any remedy. Further, by Order dated November 5, 2012 (docket entry no. 17), The Clearing

House Association LLC ("Association") has been dismissed from this action. Accordingly, in each instance where the Complaint refers to "each Defendant" or similar phrasing, The Clearing House responds herein only for itself and not the Association.

## I. THE PARTIES

1. In response to paragraph 1 of the Complaint, The Clearing House lacks knowledge or information sufficient to form a belief about the truth of the allegations therein, and on that basis denies each and every one of them.

2. The Clearing House admits the allegations in paragraph 2 of the Complaint, averring in this regard that Association has been dismissed from this action.

3. The Clearing House admits the allegations in paragraph 3 of the Complaint.

## II. JURISDICTION AND VENUE ALLEGATIONS

4. In response to paragraph 4 of the Complaint, The Clearing House admits that this purports to be an action for patent infringement arising under the Patent Laws of the United States, Title 35 of United States Code, and that this Court has subject matter jurisdiction of this action, but denies any patent infringement, and denies each and every other averment set forth in paragraph 4 of the Complaint.

5. In response to paragraph 5 of the Complaint, The Clearing House admits that a bank branch in this District uses CHIPS, but on information and belief denies that use is without authorization, and denies each and every remaining allegation of paragraph 5 of the Complaint.

## III. INFRINGEMENT ALLEGATIONS

6. In response to paragraph 6 of the Complaint, The Clearing House admits that United States Patent No. 5,793,302 ("'302 patent") issued on August 11, 1998; that the '302 patent is entitled "Method for Securing Information Relevant to a Transaction;" that a copy of the '302 patent was attached as Exhibit A to the Complaint; and denies each and every remaining allegation of paragraph 6 of the Complaint.

7. In response to paragraph 7 of the Complaint, The Clearing House lacks knowledge or information sufficient to form a belief about the truth of the allegations therein, and on that basis denies each and every one of them.

8. The Clearing House denies each and every allegation of paragraph 8 of the Complaint.

9. The Clearing House denies each and every allegation of paragraph 9 of the Complaint.

10. The Clearing House denies each and every allegation of paragraph 10 of the Complaint.

11. The Clearing House denies each and every allegation of paragraph 11 of the Complaint.

12. The Clearing House denies each and every allegation of paragraph 12 of the Complaint.

13. The Clearing House denies each and every allegation of paragraph 13 of the Complaint.

## IV. JURY DEMAND

The Clearing House admits that the Complaint contains a request for a trial by jury.

## V. PRAYER FOR RELIEF

The Clearing House denies that Stambler is entitled to any of the relief set forth in paragraphs a, b, c, d and e of the Prayer for Relief in the Complaint, or any other relief.

## FIRST AFFIRMATIVE DEFENSE

(No Infringement)

1. The Clearing House has not and does not infringe any valid and enforceable claim of the '302 patent, either literally or under the doctrine of equivalents, whether directly, indirectly, solely, jointly, based upon its own actions, those of another or others, or otherwise.

## SECOND AFFIRMATIVE DEFENSE

(Invalidity)

2. The '302 patent and each and every asserted claim of the '302 patent is invalid for failure to comply with the Part II of Title 35, United States Code, including Sections 101, 102, 103 and 112 thereof.

## THIRD AFFIRMATIVE DEFENSE

(Failure to Mark)

3. The Clearing House is not liable for any damages prior to filing of the Complaint herein, Stambler and its licensees having failed to comply with the requirements of 35 U.S.C. § 287.

**FOURTH AFFIRMATIVE DEFENSE**

(Limitation on Substantive Right)

4. Stambler is barred from all recovery for any alleged infringement committed more than six years prior to the filing of the Complaint, pursuant to 35 U.S.C. § 286.

**FIFTH AFFIRMATIVE DEFENSE**

(Expiration)

5. Stambler is barred from recovery for actions subsequent to the term of the '302 patent determined under 35 U.S.C. § 154.

**SIXTH AFFIRMATIVE DEFENSE**

(Laches, Waiver, Estoppel)

6. Stambler is barred from recovery by virtue of laches, waiver and/or estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

(Claim and Issue Preclusion I)

7. Stambler is barred from recovery by virtue of claim and/or issue preclusion arising out of a prior adverse judgment entered against Stambler.

**EIGHTH AFFIRMATIVE DEFENSE**

(Claim and Issue Preclusion II)

8. Stambler is barred from recovery by virtue of claim and/or issue preclusion arising out of one or more dismissals with prejudice of other suits commenced by Stambler.

**NINTH AFFIRMATIVE DEFENSE**

(Exhaustion)

9. Stambler is barred from recovery by virtue of patent exhaustion arising out of one or more licenses entered by Stambler.

**TENTH AFFIRMATIVE DEFENSE**

(License)

10. Stambler is barred from recovery by virtue of licenses granted by Stambler.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Lack of Personal Jurisdiction)

11. Stambler is barred from recovery because this court lacks personal jurisdiction over The Clearing House.

**TWELTH AFFIRMATIVE DEFENSE**

(Improper Venue)

12. Stambler is barred from recovery because venue is improper in this district.

PRAYER FOR RELIEF

WHEREFORE, The Clearing House prays for an entry of a judgment ordering and decreeing:

A. That the Complaint be dismissed with prejudice;

B. That The Clearing House be awarded its costs of this suit; and

C. That The Clearing House be awarded such other and further relief as this Court shall deem just and proper.

Dated: December 21, 2012

Respectfully submitted,

Prst W.M.

Preston W. McGee
State Bar No. 13620600
Flowers Davis, P.L.L.C.
1021 ESE Loop 323, Suite 200
Tyler, Texas 75701
(903) 534-8063
pmcgee@tyler.net

Robert H. Fischer
Douglas Sharrott
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, New York 10104-3800
(212) 218-2100
rfischer@fchs.com
dsharrott@fchs.com

*Attorneys for Defendant The Clearing House Payments Company L.L.C.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Answer was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who are deemed to have consented to electronic service on December 21, 2012 per Local Rule CV-5(a)(3)(A). Defendant is unaware of any counsel who has not consented to electronic service.

Prst W.M.

Preston W. McGee